IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL EDWARD DURAN,

        Plaintiff,

vs.                                           CIVIL NO.  13-390 LFG/ACT

ROBERT WOOLEVER and
GEORGE DIESEL, former
Albuquerque Police Officers,

        Defendants.

**ORDER DENYING DEFAULT JUDGMENT;
DENYING SERVICE BY PUBLICATION;
AND GRANTING ADDITIONAL TIME TO EFFECT SERVICE**

THIS MATTER is before the Court on Plaintiff Paul Edward Duran's ("Duran") "Motion for Default Judgment Against Defendants; to Add and Join Parties; or For Service by Publication" [Doc. 13].

Initially, the Court notes that it is improper to join separate requests for relief in one motion. *See* Administrative Order No. Misc. 92-88.  This is so because the Court's electronic tracking system requires specific orders linked to particular motions.  However, in the interest of efficiency, the Court will address the separate requests, but cautions counsel that, in the future, a separate motion seeking relief on a discrete issue should be filed.

**Default Judgment**

Duran's motion itself notes that service of process has not been effected on the individual former police officers [Doc. 13 at 3, ¶¶ 5, 6, 9, 11].  Consequently, without notice of the lawsuit, Defendants cannot answer the Complaint.  Because of the lack of service, the Court denies Plaintiff's request for default judgment as well as any related request to hold a hearing on damages.

**Amendment of Complaint**

Duran also asks that the City of Albuquerque be joined or added as a party. However, he failed to submit a proposed amended complaint as required by D.N.M. LR-Civ. 15.1. Accordingly, the Court denies, without prejudice, the request for amendment.

**Service of Process**[1]

In addition, Duran seeks permission to effect service on the two individual Defendants by publication. In support, Duran states that the U.S. Marshal attempted service on Defendants on May 14 and May 15, 2013, without success as there was no answer on Defendants' personal residences. [Doc. Nos. 9, 10, 13 at ¶ 5.] Duran further asserts that the City of Albuquerque refused to accept service on its former employees' behalf. [Doc. 13 at ¶ 6.] Duran also had an Alias Summons issued by the Clerk of the Court on August 22, 2013 and served on the Office of the City Clerk by private process server, but the paperwork was refused and mailed back to Duran's attorney. [Id. at ¶¶ 8, 9, 10.] Duran argues that despite multiple requests, the City of Albuquerque refused to assign private counsel to defend the instant lawsuit. [Id. at ¶ 7.] In addition Duran contacted private attorneys representing Defendants in "their employment matters," but those attorneys also allegedly refused to accept service. [Id. at ¶ 11.] Because Duran contends that he exhausted every effort to effect service on Defendants, short of service by publication, he asks for a Court Order allowing service by publication in accordance with Fed. R. Civ. P. 4(e)(1) and Rule 1-004(K) NMRA. [Id. at 3.]

---

[1] On September 26, 2013, the Court issued an Order to Show Cause, directing Plaintiff why his Complaint should not be dismissed for failure to effect service within the required 120 day time period. [Doc. 14.] On October 7, 2013, Plaintiff responded to the Order to Show Cause, explaining the difficulties he was having with effective service on Defendants and setting out similar requests to those presented in this Motion. [Doc. 15.]

Rule 4(e) governs service of process on an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e). That Rule provides that an individual may be served by following state law for serving a summons, or delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of age and discretion who resides there, or delivering a copy of each to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(1), (2). If a recipient is physically confronted with service and refuses to take personal possession of the service documents, service by personal delivery still may be accomplished under some circumstances, when the documents are left near the recipient. *See, e.g., Travelers Cas. & Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135-36 (9th Cir. 2009) (service sufficient when process placed within defendant's immediate proximity and further compliance defeated only by a defendant's knowing, intentional act to evade service).

As noted by the federal rules, service of process may be accomplished by following state law service requirements. Fed. R. Civ. P. 4(e)(1). New Mexico state law provides that service of process is effected by delivering a copy of the summons and complaint or other process to the individual personally, or if that person refuses to accept service, by leaving the process at the location where the individual has been found. If the individual refuses to receive such copies or permit them to be left, such action "shall constitute valid service." Rule 1-004(F)(1)(a) NMRA. Under state law, service may also be effected by mail, or "by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment." Rule 1-004(F)(1)(b), (3).

The Court is not convinced that Duran has exhausted all possibilities under the pertinent rules in attempting to effect service on Defendants.  While the state rules permit service by publication under certain circumstances, Rule 1-004(J), (K), Duran did not satisfy those requirements by first attempting all other methods of service and demonstrating all such attempts were unsuccessful.

Moreover, the goal of service of process is to achieve actual notice by means that are reasonable under the circumstances.  *See* Rule 1-004(E)(1).  Service by publication is "seldom likely to achieve actual notice and thus its use should be monitored carefully by the courts."  Committee commentary to Rule 1-004(K) NMRA.  Due process prohibits the use of constructive service where it is feasible to give notice to a defendant in some manner more likely to bring the litigation to his attention.  *Clark v. LeBlanc*, 92 N.M. 672, 673 (1979) (citations omitted).  Indeed, the Court may lack jurisdiction to enter judgment for a monetary award of damages against a defendant who is served by publication only.  *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 796 n.3 (1983) (constructive notice never deemed sufficient to bind an individual in an action *in personam*); *Chapman v. Farmers Ins. Group*, 90 N.M. 18, 19 (Ct. App. 1976), *cert. denied*, 90 N.M. 254 (1977) (trial court lacked jurisdiction to enter default judgment against motorist who was served solely by order of publication).

Because the Court is not persuaded that Duran satisfactorily attempted to effect service through all of the methods contemplated by the applicable rules, it denies the request for an Order directing service by publication.  However, the Court finds good cause to extend the time for service for 30 days from the entry of this Order to attempt service of process in compliance with the pertinent rules and to file proof of service with the Court Clerk.  Failure to serve and prove that service has been effected will result in a dismissal of the lawsuit, without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment is denied, the request to amend the complaint is denied without prejudice, and the request to effect service by publication is denied, although Plaintiff has 30 days from today to attempt to effect service and file proof of service.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge